﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 200220-66280
DATE: April 30, 2020

ORDER

Entitlement to service connection for residuals of lung cancer is denied.

FINDING OF FACT

The Veteran’s lung cancer did not manifest during active service and there is no indication that it is otherwise related to his active service, to include Agent Orange exposure.

CONCLUSION OF LAW

The criteria for service connection for residuals of lung cancer are not met. 38 U.S.C. §§ 1101, 1110, 1116, 1131 (2018); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). That law created a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran had active service from November 1967 to March 1968. He also had periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) with the Maine Army National Guard. 

This matter is before the Board of Appeals for Veterans’ Appeals (Board) on appeal from a February 2020 decision issued by a Regional Office (RO) of the Department of Veterans Affairs (VA). In February 2020, the Veteran appealed to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

In the February 2020 decision, the AOJ made the following favorable findings: (1) that new and relevant evidence had been received to reconsider the claim; and (2) that the Veteran had been diagnosed with lung cancer. The Board is bound by the AOJ’s favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. 

Service Connection – Lung Cancer

The Veteran maintains that his lung cancer is related to in-service Agent Orange exposure. Specifically, he asserts that he was exposed to Agent Orange each summer in the 1980s and 1990s during his service with the Maine Army National Guard at a base in Gagetown, New Brunswick, Canada. 

Initially, the Board notes that the Veteran does not claim nor does the evidence indicate that his lung cancer manifested during active service. The evidence indicates that he separated from the Maine Army National Guard in March 2008 and was diagnosed with lung cancer in 2009. 

The Board also notes that respiratory cancers, including cancer of the lung, are presumed to be associated with herbicide exposure if a veteran was exposed to an herbicide agent during active service. 38 C.F.R. § 3.309(e). The remaining and dispositive question is whether the Veteran was exposed to Agent Orange during active service.

The United States Department of Defense (DoD) has indicated that a two-day tactical herbicide testing period occurred at a Canadian Forces Base in Gagetown from July 15 to July 17, 1967. In addition, the Canadian government has acknowledged some brief testing in 1966. The Veteran submitted a news article indicating that the Canadian government announced a one-time payment of $20,000 to individuals who had an illness associated with Agent Orange and worked, trained, or lived within five kilometers of the Gagetown base when testing occurred during the summers of 1966 and 1967. The DoD indicated the United States military terminated the use of Agent Orange in 1971, and that the Canadian government never adopted the general use of Agent Orange.

In this case, the Board finds the most probative evidence weighs against the claim. The Veteran’s service personnel records do not indicate that he had active service at the Gagetown base during the time when Agent Orange was tested or that he was otherwise exposed to Agent Orange. Although the Veteran’s submitted an August 2019 letter from Dr. P.D. and an October 2019 letter from Dr. C.M. indicating that the Veteran’s lung cancer was related to Agent Orange exposure, the evidence does not indicate that he was exposed to Agent Orange during service. Therefore, the medical opinions have no probative value. There is no evidence otherwise indicating that the Veteran’s lung cancer might be associated with active service. Therefore, remand for a VA medical examination/opinion is not necessary. 38 C.F.R. § 3.159(c). 

The Board has also considered the lay evidence of record. In various statements, the Veteran and fellow service members indicated that they served at the Gagetown base in the 1980s and 1990s. The Veteran is competent to describe what he has personally observed or experienced and the Board finds those statements credible. However, the evidence from the United States and Canadian governments indicates that Agent Orange was tested at the Gagetown base during the summers of 1966 and 1967. The evidence does not show, and the Veteran does not allege that he was at the Gagetown base during those times. 

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to service connection for residuals of lung cancer is not warranted. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Mishalanie

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.